**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4337**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TIMOTHY MARK PARMER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (4:08-cr-00019-F-1)

Submitted: November 17, 2009     Decided: November 20, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Mark Parmer appeals from his conviction on a guilty plea and sentence on one count of bank robbery, in violation of 18 U.S.C. §§ 2311(a), 2 (2006). The district court determined that an upward departure from the sentencing guideline range was appropriate, pursuant to U.S. Sentencing Guidelines Manual § 4A1.2(e)(3) (2008), finding that the guidelines range underrepresented Parmer's criminal history, that Parmer had a history of similar misconduct and violent behavior, and there was a likelihood that Parmer would commit future crimes of a similar nature, and sentenced Parmer to 235 months' imprisonment, to run consecutively to Parmer's state sentence. Parmer appeals, asserting that the district court erred in applying an upward departure after he already had been classified as a career offender. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting our review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. The district court must provide an "individualized

2

assessment" based upon the specific facts before it. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis omitted). We next "consider the substantive reasonableness of the sentence imposed." At this stage, we "take into account the totality of the circumstances." <u>Gall</u>, 552 U.S. at 51.

Here, the district court followed the necessary procedural steps in sentencing Parmer, correctly calculating the advisory Guidelines range, performing an individualized assessment of the § 3553(a) factors as they applied to the facts of the case, and stating in open court the reasons for the sentence. The district court's conclusions that Parmer's criminal history category substantially underrepresented the seriousness of his criminal history and the violent nature of his prior conduct are supported by the record. In addition to noting the violent nature of Parmer's criminal conduct, the district court relied upon Parmer's noncompliance with supervision and his unscored prior convictions, which are approved departure factors under USSG § 4A1.3.

We conclude that Parmer's sentence is procedurally and substantively reasonable and that the district court did not abuse its discretion in sentencing him to 235 months in prison. Accordingly, we affirm Parmer's conviction and sentence. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED